GRODSKY & OLECKI LLP
Allen B. Grodsky (SBN 111064)
Courtney L. Artzner (SBN 251330)
2001 Wilshire Boulevard, Suite 210
Santa Monica, California 90403
310.315.3009 (Telephone)
310.315.1557 (Facsimile)
allen@grodsky-olecki.com
courtney@grodsky-olecki.com

Attorneys for Defendants
HUMAN CONTRACT, LLC, and
OVERBROOK ENTERTAINMENT, LLC

FILED

2009 FEB -9 PM 3: 10

CLERK. U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

BART BARBER, individually and on
behalf of all others similarly situated,

                    Plaintiffs,

         v.

HUMAN CONTRACT, LLC,
OVERBROOK ENTERTAINMENT,
LLC, and DOE ONE through and
including DOE TEN,

                    Defendants.

CASE NO. CV09 00964 VBF(CTx)

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §
1441(b) (FEDERAL QUESTION)

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

         PLEASE TAKE NOTICE that Defendants Human Contract LLC ("Human")
and Overbrook Entertainment, LLC ("Overbrook") hereby remove to this Court the
state court action described below:

         1.     On December 29, 2008, an action was commenced in the Superior Court
of the State of California in and for the County of Los Angeles, entitled Bart Barber,
individually and on behalf of all others similarly situated, Plaintiffs, vs. Human
Contract, LLC, Overbrook Entertainment, LLC, and Does One Through And

1 | Including Ten, Defendants, as Case No. BC404766.  A copy of the complaint is
2 | attached hereto as Exhibit A.

3 |       2.     The first date upon which Defendants received a copy of the said
4 | complaint was January 12, 2009, when Defendants were served with a copy of the
5 | complaint and a summons from the state court.  A copy of the summons is attached
6 | hereto as Exhibit B.  A copy of the Civil Case Cover Sheet, Civil Case Cover Sheet
7 | Addendum, and all other documents served at the same time as the Summons and
8 | Complaint are attached hereto as Exhibit C.

9 |       3.     Attached hereto as Exhibit D is a true and correct copy of a Notice of
10 | Order Deeming Case Non Complex and Reassigning Case, served on January 27,
11 | 2009.

12 |       4.     A copy of Defendants' answer to the complaint is attached hereto as
13 | Exhibit E.

14 |       5.     This action is a civil action of which this Court has original jurisdiction
15 | under 28 U.S.C. § 1331, and is one which may be removed to this Court by
16 | Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under 29
17 | U.S.C. §§ 206 and 207.  Specifically, the Fourth and Fifth Causes of Action allege
18 | violations of the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207.

19 |
20 | Dated:  February 9, 2009

GRODSKY & OLECKI LLP
Allen B. Grodsky
Courtney L. Artzner

By: _____
    Allen B. Grodsky

Attorneys for Defendants HUMAN
CONTRACT, LLC, and OVERBROOK
ENTERTAINMENT, LLC



1  Alan Harris (SBN 146079)
   HARRIS & RUBLE
2  5455 Wilshire Blvd., Suite 1800
   Los Angeles, CA 90036
3  Tel: 323.931.3777
   Fax: 323.931.3366
4
   Attorneys for Plaintiff
5

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 29 2008

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DOROTHY SWAIN

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10                           CENTRAL DISTRICT

| | |
|---|---|
| 11  BART BARBER, individually and<br>12  on behalf of all others similarly<br>     situated,<br>13<br>               Plaintiffs,<br>14<br>     vs.<br>15<br>     HUMAN CONTRACT, LLC,<br>16  OVERBROOK<br>     ENTERTAINMENT, LLC, and<br>17  DOE ONE through and including<br>     DOE TEN,<br>18<br>               Defendants.<br>19 | Case No.:   BC404766<br><br>COMPLAINT<br>[Class Action and Collective Action<br>Complaint]<br><br>1. § 203 California Labor Code,<br>Continuing Wages<br><br>2. § 226 California Labor Code,<br>Failure to Provide Information on Pay<br>Stubs<br><br>3. §§ 510 and 1194 California Labor<br>Code, Failure to Pay Minimum Wage<br>and Overtime Compensation<br><br>4. 29 U.S.C. § 206, Failure to Pay<br>Minimum Wage<br><br>5. 29 U.S.C. § 207, Failure to Pay<br>Overtime Wage<br><br>DEMAND FOR TRIAL BY JURY |

1
COMPLAINT

3

COMES NOW Plaintiff, and for his causes of action against Defendants, alleges as follows:

## JURISDICTION AND VENUE

(1) This is a civil action seeking continuing wages, restitution, injunctive relief, damages and attorneys' fees and costs by reason of Defendants' violations of various sections of the California Labor Code and the Fair Labor Standards Act ("FLSA").

(2) Pursuant to California Code of Civil Procedure § 382, Plaintiff brings this case individually and as a class and collective action on behalf of employee classes consisting of all natural persons tendered a paycheck by or on behalf of Defendant Human Contract LLC in the State of California during the period from four years prior to the filing of the Complaint to the date of the filing of the motion for class certification.

(3) Venue as to Defendants is proper in this judicial district, pursuant to California Code of Civil Procedure §§ 395(a) and 395.5. Defendants maintain an office, transact business, have an agent, or are found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process. The unlawful acts alleged herein had a direct effect on and were committed within the State of California.

## PARTIES

(4) BART BARBER ("BARBER") is an individual, who, during the time periods relevant to this Complaint, was employed by Defendants within the County of Los Angeles, State of California. Plaintiff is a resident of the County of Los Angeles, State of California.

(5) HUMAN CONTRACT, LLC ("HCL") and OVERBROOK ENTERTAINMENT, LLC ("OVERBROOK") were and are California Limited Liability Companies, which at all times relevant herein, conducted business within the County of Los Angeles, State of California. HCL and OVERBROOK employed BARBER and members of the putative class in the production of a motion picture production within the county of Los Angeles, State of California.

(6) Defendants DOE ONE through and including DOE TEN are sued herein under the provisions of section 474, Code of Civil Procedure. Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously name defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained. Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named defendants is an entity, which during the relevant time period maintained a place of business in the County of Los Angeles, State of California.

### GENERAL ALLEGATIONS

(7) In December of 2007, Defendants employed BARBER and class members in the production of a motion picture production, "Human Contract" (hereinafter, the "Production").

(8) BARBER was not paid for all of his work performed on the Production in December of 2007 until on or after February of 2008. Attached hereto as Exhibit 1 is a true an accurate copy of the paycheck and defective wage statement BARBER received from Defendants.

(9) Upon information and belief, most of the individuals who were employed on the Production as crewmembers were provided their paychecks for at least some of the services they provided during December of 2007 in or after February of 2007.

(10) At all relevant times mentioned herein, section 201.5 of the California Labor Code controlled the timing for Defendants' final payments to employees. Section 201.5 of the California Labor Code provides a discharged employee shall be paid by the next regularly scheduled payday.

(11) Defendants did not compensate BARBER and members of the putative class as required by section 201.5 of the California Labor Code.

(12) At all relevant times mentioned herein, Section 203 of the California Labor Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty form the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

(13) At all times relevant herein, section 204 of the California Labor Code provided in part:

All wages, other than those mentioned in Section 201, 202, 204.1 or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.    ....

(14) By failing to pay BARBER and members of the putative class all wages when due, the Defendants violated section 204.

(15) At all times relevant herein, section 210 of the California Labor Code provided:

In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

(16) Plaintiff and class members were not timely paid the minimum wages or overtime to which they were entitled.

(17) At all relevant times mentioned herein, § 510 (a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. . . .

(18) At all relevant times mentioned herein, section 558 of the California Labor Code provided:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

(19) At all relevant times mentioned herein, § 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

(20) Pursuant to the provisions of section 1194.2 of the California Labor Code, Plaintiff and members of the class are also entitled to liquidated damages on account of Defendants' improper payment of wages as alleged herein.

(21) The Fair Labor Standards Act ("FLSA") provides, in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. §§ 206 and 207(a)(1).

(22) Section 216 of the FLSA provides for payment of liquidated damages upon violation of the provisions of 29 USCS §§ 206 or 207.

(23) Accordingly, pursuant to 29 U.S.C. § 216, BARBER and members of the putative class is entitled to damages according to proof, liquidated damages, attorney's fees, and costs of suit.

(24) At all relevant times mentioned herein, Section 226 of the California Labor Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($ 50) for the initial pay period in which a violation occurs and one hundred dollars ($ 100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($ 4,000), and is entitled to an award of costs and reasonable attorney's fees.

(26) Plaintiff and members of the putative class were tendered paychecks by the Defendants in connection with the Production that did not comply with section 226 of the California Labor Code.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

(27) The class represented by Plaintiff consists of all natural persons tendered a paycheck by or on behalf of Defendant Human Contract LLC in the State of California during the period from four years prior to the filing of the Complaint to the date of the filing of the motion for class certification.

(28) Plaintiff contends that the failure of Defendants to make payments within the

time provided for in California Labor Code § 201.5 has been and is "willful" within the meaning of such word as used in section 203 of the Labor Code and that, accordingly, each member of the Plaintiff Class is entitled to the "continuing wages" for which provision is made in section 203 of the California Labor Code, as well as damages on account of Defendants' violations of section 226 of the California Labor Code.

(29) The number of persons within the Plaintiff Class is great, believed to be in excess of 150 persons, but fewer than 300 persons. It is, therefore, impractical to join each member of the class as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

(30) Despite the numerosity of the members of the Plaintiff Class, membership within the Plaintiff Class is readily ascertainable through an examination of the records which Defendants are required by law to keep and which they have kept. Likewise, the dollar amounts owed to Plaintiff and each class member are readily ascertainable by an examination of the same records.

(31) The Plaintiff Class is proper insofar as common questions of fact and of law predominate over individual issues regarding the money owed to each class member.

(32) There is a well-defined community of interest in the questions of law and fact common to the Plaintiff Class. The key questions are the same for each class member: (a) was such class member an employee of Defendant HCL in connection with the Production (b) Was such class member discharged by Defendant HCL? (c) Was such class member paid his or her wages at the time of discharge as provided for in Section 201.5 of the California Labor Code? (d) Was such class member paid the overtime compensation owed by Defendant HCL? (e) Was such class member paid his or her minimum and/or overtime wages as required by the Fair Labor Standards Act? (f) Has Defendant MCL violated the mandatory requirements of Section 226 of the California Labor Code?

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(33) Plaintiff's claims are typical of the claims of the members of the Plaintiff Class, which all arise out of the same general operative facts, i.e., Defendants did not compensate its employees as required by the California Labor Code and Fair Labor Standards Act. Plaintiff has no conflicts of interest with the other members of the Plaintiff Class and is able to fairly and adequately represent the interests of such class.

(34) A class action is a far superior method for the fair and efficient adjudication of this controversy for a number of reasons. First, the persons within the class are numerous, and joinder of all of them is impractical. Second, the disposition of all claims of the members of the class in a class action rather than in individual actions will benefit both the parties and the court. In that regard, the claims of each individual member of the class are too small to litigate individually and the commencement of one hundred or more separate actions in this Court would lead to an undue burden on scarce judicial resources. Further, the alternative of individual proceedings before the Labor Commissioner is impractical inasmuch as that agency has insufficient resources to promptly process such claims and, under the provisions of Labor Code § 98.2, if the individual class members were to succeed in obtaining awards in their favor, such awards my be appealed as a matter of right for a *de novo* trial in Superior Court, leading to a multiplicity of such trials in that court. Further, absent class treatment, employees will most likely be unable to secure redress given the time and expense necessary to pursue individual claims and individual class members will likely be unable to retain counsel willing to prosecute their claims on an individual basis given the small amount of recovery available to each individual class member. As a practical matter, denial of class treatment will lead to denial of recovery to the individual members of the class.

(35) The interest of each class member in controlling the prosecution of his or her individual claim against Defendants is small when compared with the efficiency of a class action.

## FLSA COLLECTIVE ACTION ALLEGATIONS

(36) In this collective action, Plaintiff seeks to represent all natural persons who were employed by the Defendants and who were not paid in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, within the relevant time period ("Collective Action").

(37) Plaintiff is similarly situated with the members of the Collective Action in that:

(a) Plaintiff and the members of the Collective Action were employed by the Defendants on the Production, but not timely paid all wages due on account of services performed on the Production;

(b) Plaintiff and the members of the Collective Action were not timely compensated for their hours under the FLSA;

(c) Defendants knowingly and willfully violated provisions of the FLSA, by not paying Plaintiff and the members of the Collective Action their correct amount of wages when due; and

(d) As a result of the Defendants' policy and practice of withholding compensation for all hours worked, including minimum wages and overtime compensation, Plaintiff and the members of the Collective Action have been similarly damaged in that they have not received all of their liquidated damages.

(38) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 (b) as to claims for unpaid wages, liquidated damages, costs and attorneys' fees under the FLSA.

(39) All members of the Collective Action during the relevant time period should be given notice and be allowed to give their consent in writing, i.e. "opt in," the collective action pursuant to 29 U.S.C. § 216 (b).

//
//

## FIRST CAUSE OF ACTION
(Continuing Wages, §§ 203 et seq., California Labor Code)
(Against Defendant HCL Only)

(40) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs of this First Amended Complaint.

(41) Defendant HCL employed BARBER on the Production in December of 2007. On or about February of 2008, Plaintiff was paid his wages.  Defendant HCL did not pay Plaintiff his earned wages as required by section 201.5 of the California Labor Code. The members of the class were discharged in the same manner and were not paid their earned wages as required by section 201.5 of the California Labor Code.

(42) Defendants' failure to compensate Plaintiff and the members of the Plaintiff Class within the time provided for in section 201.5 of the California Labor Code, despite their knowledge of their obligation to do so, was "willful" as the word is used in § 203.

(43) Plaintiff and each member of the putative class is, accordingly, entitled to continuing wages from Defendant HCL in an amount to be determined by proof.

## SECOND CAUSE OF ACTION
(Failure to Provide Information on Pay Stubs, § 226 California Labor Code)
(Against Defendant HCL Only)

(44) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

(45) Defendant HCL failed to provide Plaintiff and the other members of the class with pay stubs conforming to the requirements of section 226 of the Labor Code.  For example, Defendant HCL did not provide the applicable hourly rates and the number of hours worked at each rate, the pay period, or the total hours worked, on the pay stub. Accordingly, Plaintiff and the other members of the class are each entitled to damages from HCL according to proof, plus costs and reasonable attorney's fees in accordance with the provisions of California Labor Code § 226 (e).

//
//

### THIRD CAUSE OF ACTION
(§§ 510 and 1194 of the California Labor Code,
Damages for Unpaid Minimum Wages and Overtime Compensation)
(Against Defendant HCL Only)

(46) Plaintiff repleads, reallages and incorporates by reference each and every allegation set forth in the preceding paragraphs of this Complaint.

(47) During their employment by Defendant HCL on the Production, Plaintiff and the other members of the class worked many hours without timely compensation as required by law. Defendant HCL has failed to pay Plaintiff and the other members of the class their minimum wages and overtime wages as required by sections 510 and 1194 of the Labor Code.

(48) Plaintiff and the other members of the class are entitled to recover from Defendant HCL their unpaid minimum wages and overtime wages in an amount to be established by proof, liquidated damages under section 1194.2 of the California Labor Code and their costs and attorney's fees as provided for in section 1194 of the California Labor Code.

### FOURTH CAUSE OF ACTION
(Violation of Fair Labor Standards Act, 29 U.S.C. § 206, Failure to Pay Minimum Wage)
(Against All Defendants)

(49) Plaintiff repleads, realleges and incorporate by reference each and every allegation set forth in the Complaint.

(50) Defendants, by not paying Plaintiff and the members of the Collective Action the wages due and owing to them, has violated the Fair Labor Standards Act by failing to provide at least minimum wages to Plaintiff and members of the class as required by 29 U.S.C. § 206.

(51) Plaintiff and the members of the Collective Action are therefore entitled to be paid at least liquidated damages, attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

//

//

11
COMPLAINT

## FIFTH CAUSE OF ACTION
(Violation of Fair Labor Standards Act, 29 U.S.C. § 207, Failure to Pay Overtime)
(Against All Defendants)

(52) Plaintiff repleads, realleges and incorporates by reference each and every allegation set forth in preceding paragraphs of this Complaint.

(53) Defendants, by not timely paying Plaintiff and the members of the Collective Action the overtime wages due and owing to them, has violated the Fair Labor Standards Act by failing to timely provide the overtime wages to Plaintiff and members of the class as required by 29 U.S.C. § 207.

(54) Plaintiff and the members of the Collective Action are therefore entitled to be paid their liquidated damages, attorney's fees and costs, in accordance with 29 U.S.C. § 216 (b).

WHEREFORE, Plaintiffs prays judgment as follows:

(1) That this Court certify the proposed Plaintiff Class.

(2) That this Court certify the proposed Collective Action.

(3) That, under the First Cause of Action, it be adjudged that the failure of Defendant HCL to make timely payments of Plaintiff's wages was in violation of the law wages within the time prescribed in sections 201 and/or 201.5 of the Labor Code, and was "willful" as that word is used in § 203 of the Labor Code, and that the Court enter judgment in favor of Plaintiff and members of the putative class in an amount equal to not more than 30 times their average daily wage, as prescribed by § 203 of the Labor Code.

(4) That, under the Second Cause of Action, the Court enter judgment against Defendant HCL and in favor of Plaintiff and the class members in an amount to be established by proof, costs, and attorneys fees, in accordance with Section 226(e) of the Labor Code.

(5) That, under the Third Cause of Action, this Court enter judgment against Defendant HCL and in favor of Plaintiff and class members their unpaid overtime wages and or minimum wages, liquidated damages, interest thereon, reasonable attorneys' fees

and cost of suit.

(6) That, under the Fourth Cause of Action, this Court enter judgment against Defendants and in favor of Plaintiff and the members of the Collective Action the amount of their late paid minimum wages as liquidated damages, costs, and attorneys' fees, in accordance with 29 U.S.C. § 216 (b).

(7) That, under the Fifth Cause of Action, this Court enter judgment against Defendants and in favor of Plaintiff and the members of the Collective Action the amount of their late paid overtime wages as liquidated damages, costs, and attorneys' fees, in accordance with 29 U.S.C. § 216 (b).

(8) For such other and further relief as this Court may deem fit and proper. Plaintiff demands trial by jury as to all causes of action.

DATED: December 29, 2008

HARRIS & RUBLE

By: _____
Alan Harris
*Attorney for Plaintiff*

# Exhibit

# 1

From: 323 662 2519     Page: 3/4     Date: 2/19/2008 1:58:34 PM

HUMAN CONTRACT, LLC, 11837 VENTURA BLVD, STUDIO CITY, CA 91604

VENDOR:
382 - BARBER, BART

001712

| OUR REF. NO. | YOUR INV. NO. | INVOICE DATE | DESCRIPTION | INVOICE AMOUNT |
|---|---|---|---|---|
| 1866 | 909161 | 01/16/08 | W/E 12/18 BART BARBER P/R<br>*** TOTAL THIS CHECK *** | 614.04<br>********$614.04 |

Received Check on 2/19/08

AX-8

6  THIS DOCUMENT HAS A COLORED BACKGROUND, ARTIFICIAL WATERMARK ON BACK AND MICROPRINTED SIGNATURE LINES!

HUMAN CONTRACT, LLC
11837 VENTURA BLVD.
STUDIO CITY, CA 91604

CITY NATIONAL BANK
400 N. ROXBURY DRIVE
BEVERLY HILLS, CA 90210

16-110872/2020

001712

| CHECK NO. | CHECK DATE | VENDOR NO. |
|---|---|---|
| 1712 | 01/23/08 | 382 |

Pay Exactly ***Six hundred Fourteen Dollars and 04 Cents

| CHECK AMOUNT |
|---|
| ********$614.04 |

PAY
TO THE
ORDER OF

BART BARBER
3339 ATWATER AVENUE
LOS ANGELES, CA 90039

⑈001712⑈ ⑆122016066⑆ 112⹀801278⑈

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

B

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
HUMAN CONTRACT, LLC, OVERBROOK ENTERTAINMENT, LLC, and DOE ONE through and including DOE TEN,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BART BARBER, individually and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court**

DEC 2 9 2008

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles Superior Court, Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

**CASE NUMBER:**
*(Número del Caso):*
BC404766

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan Harris (SBN 146079), Harris & Ruble
5455 Wilshire Blvd., Ste. 1800, Los Angeles, CA 90036, tel. 323-931-3777

DATE: DEC 2 9 2008          Clerk, by _____, Deputy
*(Fecha)*                   *(Secretaria)*          *(Adjunto)*

John A. Clarke          D.M. Swain

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

18



CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Alan Harris (SBN 146079)<br>Harris & Ruble<br>5455 Wilshire Blvd., Ste. 1800<br>Los Angeles, CA 90036<br>TELEPHONE NO.: 323-931-3777   FAX NO.: 323-931-3366 | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court |
| ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Los Angeles**
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

DEC 29 2008

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

CASE NAME:
Bart Barber v. Human Contract, LLC, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC404766 |
| | | | JUDGE: | |

*Items 1–6 below must be completed (see instructions on page 2).*

**1.** Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property
Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse
condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the
above listed provisionally complex case
types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

**2.** This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
**4.** Number of causes of action *(specify):* Five
**5.** This case ☑ is ☐ is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 29, 2008

Alan Harris
(TYPE OR PRINT NAME)   ► *[signature]*   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____

BC404766

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|
| Hon. Gregory Alarcon | 36 | 410 | Hon. Mary H. Strobel | 32 | 406 | |
| Hon. Conrad Aragon | 49 | 509 | Hon. Ernest M. Hiroshige | 54 | 512 | |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Jane L. Johnson | 56 | 514 | |
| Hon. Elihu M. Berle | 42 | 416 | Hon. Ann I. Jones | 40 | 414 | |
| Hon. (pending) | 23 | 315 | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. (pending) | 33 | 409 | |
| Hon. Soussan G. Bruguera | 71 | 729 | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Susan Bryant-Deason | 52 | 510 | Hon. Rita Miller | 16 | 306 | |
| Hon. Luis A. Lavin | 13 | 630 | Hon. David L. Minning | 61 | 632 | ✓ |
| Hon. Victoria Chaney* | 324 | CCW | Hon. Aurelio Munoz | 47 | 507 | |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. Mary Ann Murphy | 25 | 317 | |
| Hon. Ralph W. Dau | 57 | 517 | Hon. Joanne O'Donnell | 37 | 413 | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Yvette M. Palazuelos | 28 | 318 | |
| Hon. James R. Dunn | 26 | 316 | Hon. Mel Red Recana | 45 | 529 | |
| Hon. Mark Mooney | 68 | 617 | Hon. Alan S. Rosenfield | 31 | 407 | |
| Hon. William F. Fahey | 78 | 730 | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. (pending) | 51 | 511 | Hon. John P. Shook | 53 | 513 | |
| Hon. Edward A. Ferns | 69 | 621 | Hon. Ronald M. Sohigian | 41 | 417 | |
| Hon. Kenneth R. Freeman | 64 | 601 | Hon. Michael C. Solner | 39 | 415 | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 | |
| Hon. Elizabeth A. Grimes | 30 | 400 | Hon. Elizabeth Allen White | 48 | 506 | |
| Hon. Paul Gutman | 34 | 408 | Hon. John Shepard Wiley Jr. | 50 | 508 | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Mary Thornton-House | 17 | 309 | |
| | | | Other | | | |

*Class Actions

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

## *Class Actions

All class actions are initially assigned to Judge Victoria Chaney in Department 324 of the Central Civil West courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

| SHORT TITLE: Bart Barber v. Human Contract, LLC, et. al. | CASE NUMBER | BC404766 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B  Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Bart Barber v. Human Contract, LLC, et. al. | | |

| **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*(left margin, bottom to top)* Non-Personal Injury/Property Damage/ Wrongful Death Tort (Con'd.) — Employment — Contract — Real Property — Unlawful Detainer — Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

23

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Bart Barber v. Human Contract, LLC, et. al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2, 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2, 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1, 2, 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2, 9.<br>2, 6.<br>2, 9.<br>2, 8.<br>2, 8.<br>2, 8, 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8.<br>2, 8.<br>1, 2, 8.<br>1, 2, 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2, 3, 9.<br>2, 3, 9.<br>2, 3, 9.<br>2.<br>2, 7.<br>2, 3, 4, 8.<br>2, 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

24

| SHORT TITLE:<br>Bart Barber v. Human Contract, LLC, et. al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>11337 Ventura Blvd. |
|---|---|
| CITY:<br>Studio City | STATE:<br>CA | ZIP CODE:<br>91604 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: December 29, 2008

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

| PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE: |
|---|

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet form CM-010.

4.  Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5.  Payment in full of the filing fee, unless fees have been waived.

6.  Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.



*from the*
### Los Angeles Superior Court
### ADR Department

If you have a general jurisdiction case involving one of these 6 subject matter areas:

- commercial
- employment
- medical malpractice

- real estate
- trade secrets
- unfair competition

### *Your case may be eligible for the court's pilot Early Neutral Evaluation (ENE) program.*

- **ENE can reduce litigation time and costs and promote settlement.**

- ENE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- **ENE is voluntary and confidential.**

- The benefits of ENE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- **The first three (3) hours of the ENE session are free of charge.**

See back for a list of participating pilot courthouses and departments.

*For additional ENE information, visit the Court's web site at <u>www.lasuperiorcourt.org/adr</u>*

# PARTICIPATING PILOT COURTHOUSES:

**(General Jurisdiction Case Only)**

- **Chatsworth**
- **Pomona**
- **Santa Monica**
- **Van Nuys**
- **Stanley Mosk** (Departments listed below only.)

    Department 15
    Department 16
    Department 28
    Department 30
    Department 31
    Department 32
    Department 38
    Department 42
    Department 47
    Department 50
    Department 52
    Department 55
    Department 56
    Department 68
    Department 71
    Department 89

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate**
    Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May Not Be Appropriate**
    Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate**
    Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May Not Be Appropriate**
    If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

    **Cases for Which Neutral Evaluation May Be Appropriate**
    Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

    **Cases for Which Neutral Evaluation May Not Be Appropriate**
    Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

**CIVIL:**
- Civil Action Mediation (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- Retired Judge Settlement Conference
- Neutral Evaluation (Governed by Los Angeles Superior Court Rules, chapter 12.)
- Judicial Arbitration (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- Eminent Domain Mediation (Governed by Code of Civil Procedure section 1250.420.)
- Civil Harassment Mediation
- Small Claims Mediation

**FAMILY LAW (non-custody):**
- Mediation
- Forensic Certified Public Accountant (CPA) Settlement Conference
- Settlement Conference
- Nonbinding Arbitration (Governed by Family Code section 2554.)

**PROBATE:**
- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Pay Panel**  The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Pro Bono Panel**  The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**  The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

LAADR 005 (Rev. 08/08)
LASC Approval 10-03

Page 2 of 2

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County
Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los
Angeles County Superior Court. Services are not provided under this program to family, probate, traffic,
criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

**Asian-Pacific American Dispute Resolution Center**
**(213) 250-8190**
(Spanish & Asian languages capability)

**California Academy of Mediation Professionals**
**(818) 377-7250**

**Center for Conflict Resolution**
**(818) 380-1840**

**Inland Valleys Justice Center**
**(909) 397-5780**
(Spanish language capability)

**Office of the Los Angeles City Attorney Dispute Resolution Program**
**(213) 485-8324**
(Spanish language capability)

**Los Angeles County Bar Association Dispute Resolution Services**
**toll free number 1-877-4Resolve (737-6583) or (213) 896-6533**
(Spanish language capability)

**Los Angeles County Department of Consumer Affairs**
**(213) 974-0825**
(Spanish language capability)

**The Loyola Law School Center for Conflict Resolution**
**(213) 736-1145**
(Spanish language capability)

**Martin Luther King Legacy Association Dispute Resolution Center**
**(323) 290-4132**
(Spanish language capability)

**City of Norwalk**
**(562) 929-5603**

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding
to summonses. Accessing these services does not negate any responsibility you have to
respond to a summons or appear at any set court date. See the reverse side of this sheet for
information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

LAADR 007 07-04
LASC Approved

Page 1 of 2

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

**A Mediator helps parties...**

♦ Have productive discussions
♦ Avoid or break impasses
♦ Defuse controversy
♦ Generate options that have potential for mutual gain
♦ Better understand each other's concerns and goals
♦ Focus on their interests rather than their positions

**A Mediator does not...**

♦ Provide advice or opinions
♦ Offer legal information
♦ Make decisions for parties
♦ Represent or advocate for either side
♦ Judge or evaluate anyone or anything
♦ Conduct research
♦ "Take Sides"

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Legal Advice/Information**

If you want to retain an attorney, a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self-help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses.  nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers).  lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
(The DRP Office is not a Superior Court Office.  Consult your phone directory to locate the number of the Court Office on your summons.)

## THIS IS A TWO-SIDED DOCUMENT.

LAADR 007 07-04
LASC Approved

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

☐ Mediation

☐ Non-Binding Arbitration

☐ Binding Arbitration

☐ Early Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process (describe): _____

Dated: _____

| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |
| Name of Stipulating Party | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | |

☐ Additional signature(s) on reverse

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)

Cal. Rules of Court, rule 3.221
Page 1 of 2

32

| Short Title | Case Number |
|---|---|
| | |

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

Name of Party or Attorney Executing Stipulation

Signature of Party or Attorney

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

D

1    Alan Harris (SBN 146079)
     HARRIS & RUBLE
2    5455 Wilshire Blvd., Suite 1800
     Los Angeles, CA 90036
3    Tel: 323.931.3777
     Fax: 323.931.3366
4
     Attorneys for Plaintiff
5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10                         CENTRAL DISTRICT

11
     BART BARBER, individually and       )    Case No.:  BC404766
12   on behalf of all others similarly   )
     situated,                           )    **NOTICE OF ORDER DEEMING**
13                                       )    **CASE NON_COMPLEX AND**
                    Plaintiffs,          )    **REASSIGNING CASE**
14                                       )
        vs.                              )    Assigned to the Honorable David L.
15                                       )    Minning, Stanley Mosk Courthouse
     HUMAN CONTRACT, LLC,                )    Dept. 61
16   OVERBROOK                           )
     ENTERTAINMENT, LLC and              )
17   DOE ONE through and including       )
     DOE TEN,                            )
18                                       )
                    Defendants.          )
19                                       )
                                         )
20                                       )
                                         )
21                                       )
                                         )
22                                       )
                                         )
23                                       )
                                         )
24                                       )
                                         )
25                                       )
                                         )
26                                       )
27   _____
28

                                    1

1
2
3
4

      PLEASE TAKE NOTICE THAT the Court has deemed this case non-complex and assigned it to the Honorable David L. Minning in Department 61 at the Stanley Mosk Courthouse for all further proceedings.  The Court Order is attached hereto.

5

DATED: January 27, 2009

                              HARRIS & RUBLE

6
7
8

                              By:_____

                                Alan Harris
                                *Attorney for Plaintiff*

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF ORDER DEEMING CASE NON-COMPLEX AND REASSIGNING CASE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/22/09 | | DEPT. 311 |
|---|---|---|

| HONORABLE CARL J. WEST | JUDGE R. RULLY | DEPUTY CLERK |
|---|---|---|
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONIT[ |
| NONE | Deputy Sheriff NONE | Reporter |

| 8:30 am | BC404766 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | BART BARBER VS HUMAN CONTRACT LLC ET AL | Defendant Counsel | |
| | NON-COMPLEX (01-22-09) | | |

**NATURE OF PROCEEDINGS:**

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
01-23-09 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 01-23-09

John A. Clarke, Executive Officer/Clerk

By: _____KIN HILAIRE_____
          K. HILAIRE


HARRIS & RUBLE
Alan Harris, Esq.
5455 Wilshire Boulevard, Suite 1800
Los Angeles, California  90036


Page   2 of  2   DEPT. 311

**MINUTES ENTERED**
01/22/09
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 01/22/09 | | | DEPT. 311 |
|---|---|---|---|
| HONORABLE CARL J. WEST | JUDGE | R. RULLY | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE | Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC404766 | Plaintiff Counsel | |
|---|---|---|---|
| | BART BARBER<br>VS<br>HUMAN CONTRACT LLC ET AL | | NO APPEARANCES |
| | | Defendant Counsel | |
| | NON-COMPLEX (01-22-09) | | |

**NATURE OF PROCEEDINGS:**


COURT ORDER


This Court makes its determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated non-complex and is reassigned
to Judge David L. Minning in Department 61 at
Stanley Mosk Courthouse for all further proceedings.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of
service in Department 61 within five (5) days of
service.

Any party objecting to the non-complex designation
must file an objection and proof of service in
Department 311 within ten (10) days of service of this
minute order. Any response to the objection must be
filed in Department 311 within seven (7) days of
service of the objection. This Court will make its
ruling on the submitted pleadings.


                 CLERK'S CERTIFICATE OF MAILING/
                     NOTICE OF ENTRY OF ORDER



                 Page   1 of  2   DEPT. 311

| MINUTES ENTERED |
|---|
| 01/22/09 |
| COUNTY CLERK |

37

1

## **PROOF OF SERVICE**

2

I am an attorney for Plaintiff(s) herein, over the age of eighteen years, and not a party to
the within action.  My business address is Harris & Ruble, 5455 Wilshire Blvd., Suite
1800, Los Angeles, California 90036.  On January 27, 2009, I served the within
documents:

3

4

**NOTICE OF ORDER DEEMING CASE NON-COMPLEX AND ASSIGNING
CASE.**

5

6

I caused such document to be delivered by hand in person to:

7

N/A.

8

I caused such document to be delivered by e-mail or facsimile:

9

N/A.

10

I am readily familiar with the Firm's practice of collection and processing
correspondence for mailing. Under that practice it would be deposited with the U.S.
Postal Service on that same day with postage thereon fully prepaid in the ordinary course
of business, addressed as follows:

11

12

13

Human Contract, LLC
c/o Jeff Gillman (Agent for Service of Process)
1880 Century Park East, Ste. 1600
Los Angeles, CA 90067

14

15

Overbrook Entertainment, LLC
c/o Jeff Gillman (Agent for Service of Process)
1880 Century Park East, Ste. 1600
Los Angeles, CA 90067

16

17

18

19

I declare under penalty of perjury that the above is true and correct. Executed on January
27, 2009.

20

21

22

Alan Harris

23

24

25

26

27

28

E

GRODSKY & OLECKI LLP
Allen B. Grodsky (SBN 111064)
Courtney L. Artzner (SBN 251330)
2001 Wilshire Boulevard, Suite 210
Santa Monica, California 90403
310.315.3009 (Telephone)
310.315.1557 (Facsimile)

Attorneys for Defendants
HUMAN CONTRACT, LLC, and
OVERBROOK ENTERTAINMENT, LLC

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 06 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, CENTRAL DISTRICT

|  |  |
|---|---|
| BART BARBER, individually and on behalf of all others similarly situated, | CASE NO. BC 404788 |
| Plaintiffs, | Honorable David L. Minning Dept. 61 |
| v. | ANSWER TO COMPLAINT |
| HUMAN CONTRACT, LLC, OVERBROOK ENTERTAINMENT, LLC, and DOE ONE through and including DOE TEN, | Complaint Filed:    12/29/08 |
| Defendants. | |

Defendants Human Contract, LLC and Overbrook Entertainment, LLC ("Defendants"), as for their answer to the Complaint filed by Plaintiff Bart Barber ("Plaintiff"), individually and on behalf of others similarly situated, generally deny each and every allegation in the Complaint pursuant to Code of Civil Procedure § 431.30(d).

As for their affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1.    The Complaint, as well as each alleged claim for relief therein, fails to state a claim upon which relief can be granted.

COPY

-1-

## SECOND AFFIRMATIVE DEFENSE

2.      Defendants are informed and believe, and thereon allege, that Plaintiff's causes of action are, wholly or in part, preempted by, among others, the Labor Management Relations Act, 29 U.S.C. §§ 141-197.

## THIRD AFFIRMATIVE DEFENSE

3.      Defendants are informed and believe, and thereon allege, that Plaintiff's causes of action are barred because of a failure to exhaust collective bargaining grievance procedures.

## FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint, and each cause of action alleged therein, is barred by Plaintiff's failure to exhaust all available administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff has no standing to assert the claims or causes of action alleged in the complaint, lacks standing to bring a representative suit, and lacks capacity to act as class representatives.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint, and each cause of action therein, fails to satisfy the requirements for a class action, and therefore may not be properly maintained or certified as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

7.      On information and belief, the employer and/or employees (or some of them) are exempt from overtime compensation and other requirements (pursuant to, inter alia, California Industrial Commission Order No. 12-2001), and the hours claimed, or some of

them, are not "hours worked" within the meaning of the wage orders, so that minimum wage and overtime compensation need not be paid for those hours.

### EIGHTH AFFIRMATIVE DEFENSE

8.     On information and belief, the employees (or some of them) are independent contractors and therefore not entitled to overtime compensation.

### NINTH AFFIRMATIVE DEFENSE

9.     The Complaint, and each cause of action therein, is barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

10.     The Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint, and each cause of action alleged therein, is barred by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE

12.     The Complaint, and each cause of action alleged therein, is barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Complaint, and each cause of action alleged therein, is barred by plaintiff's own misconduct.

Answer to Complaint

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    The Complaint, and each cause of action alleged therein, is barred because, to the extent either of the defendants took the actions alleged in the complaint, they at all times acted in good faith and in conformity with, and reliance upon, applicable laws, rules, regulations, ordinances, and applicable orders.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    To the extent Defendants took any of the actions alleged in the Complaint, they at all times acted in good faith toward plaintiffs and the alleged members of the class and with a good faith belief that their conduct was not in violation of any law, rule, regulation, ordinance, or applicable order.  Therefore, any penalties or punitive damages claimed by Plaintiff and/or members of the alleged class should be denied or reduced because Defendants' alleged acts or omissions were in good faith and Defendants had reasonable grounds for believing that the alleged acts or omissions did not violate any Labor Code or federal statutes or any orders of the IWC.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff failed to mitigate the damages alleged in the Complaint and therefore is not entitled to recover the alleged damages, or any such damages must be reduced due to plaintiffs' failure to mitigate.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    To the extent Defendants engaged in any of the acts alleged in the Complaint, such acts were excused, justified, and/or privileged.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    On information and belief, the Complaint, and each cause of action alleged therein, is barred because Defendants have a right to arbitrate Plaintiff's claims.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     The Complaint, and each cause of action alleged therein, is barred by the doctrines of res judicata and collateral estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Defendants reserve the right to amend this answer, to assert additional affirmative defenses, and to supplement, alter, or change this answer upon discovery and investigation in this matter.

WHEREFORE, Defendants pray for relief as follows:

1.     That the Complaint be dismissed with prejudice and Plaintiff take nothing by reason of his Complaint herein;

2.     For costs of suit herein; and

3.     For such other and further relief as the Court deems just and proper.

Dated:  February 6, 2009

GRODSKY & OLECKI LLP
Allen B. Grodsky
Courtney L. Artzner

By: _____
     Allen B. Grodsky

Attorneys for HUMAN CONTRACT, LLC,
and OVERBROOK ENTERTAINMENT, LLC

43

-5-

1

## PROOF OF SERVICE

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3         I am employed in the County of Los Angeles, State of California.  I am over the  age
     of 18 and not a party to the within action; my business address is 2001 Wilshire Blvd, Suite
4    210, Santa Monica, California  90403.

5         On February 6, 2009, I served the foregoing document described as:   **ANSWER TO**
     **COMPLAINT**    on the parties in this action by serving:
6

7    Alan Harris, Esq.
     HARRIS & RUBLE
8    5455 Wilshire Blvd., Suite 1800
     Los Angeles, CA 90036
9    FAX: (323) 931-3366

10

     **(X) By Envelope** - by placing ( ) the original ( ) a true copy thereof enclosed in sealed
11   envelopes addressed as above and delivering such envelopes:

12   **(X) By Mail:**  As follows:  I am "readily familiar" with this firm's practice of collection and
     processing correspondence for mailing.  Under that practice it would be deposited with the
13   U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica,
     California in the ordinary course of business.  I am aware that on motion of the party
14   served, service is presumed invalid if postal cancellation date or postage meter date is
     more than one day after date of deposit for mailing in affidavit.
15

     **( )  By Personal Service:**  I delivered such envelope by hand to the offices of the
16   addressee(s).

17   **( ) By Federal Express:**  I caused the envelope(s) to be delivered to the Federal Express
     depository at 2001 Wilshire Blvd., Santa Monica, California 90403, on _____,
18   for delivery on the next-business-day basis to the offices of the addressee(s).

19   **( ) By Facsimile Transmission:**  On _____ at _____ _.m., I caused the above-
     named document to be transmitted by facsimile transmission, from fax number
20   310.315.1557, to the offices of the addressee(s) at the facsimile number(s) so indicated
     above.  The transmission was reported as complete and without error.  A copy of the trans-
21   mission report properly issued by the transmitting facsimile machine is attached hereto.

22        Executed on February 6, 2009, at Santa Monica, California.

23   **(X) STATE**    I declare under penalty of perjury under the laws of the State of California that
     the above is true and correct.
24

25

     ___Maria D. Wilson___
26   PRINT NAME                                                        SIGNATURE

27

28

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BART BARBER, individually and on behalf of all others similarly situated

**DEFENDANTS**
HUMAN CONTRACT, LLC, OVERBROOK ENTERTAINMENT, LLC, and
DOES ONE through and including DOE TEN

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Alan Harris, Harris & Ruble, 5455 Wilshire Blvd. Ste. 1800, Los Angeles, CA 90036, 323.931.3777

Attorneys (If Known)
Allen B. Grodsky, Grodsky & Olecki LLP, 2001 Wilshire Blvd., Ste. 210, Santa Monica, California 90403, 310.315.3009

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES -** For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☒ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 USC sections 206, 207, failure to pay overtime and minimum wage

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | REAL PROPERTY | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 210 Land Condemnation | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV09 00964

**FOR OFFICE USE ONLY:** Case Number: _____

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                                     CIVIL COVER SHEET                                     Page 1 of 2



UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a).** IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b).** RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
  ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
  ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date February 9, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

### CV09- 964 VBF (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[_] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY